(128 App. Div. 878.)
## CRAFT v. PEEKSKILL LIGHTING & R. CO.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

STREET RAILROADS (§ 117*)—COLLISIONS WITH ANIMALS—QUESTIONS FOR JURY.
   Whether a motorman exercised due care in running his car without taking any precautions to avoid a collision with a cow at the side of the track *held* for the jury.
   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–247; Dec. Dig. § 117.*]

Appeal from Westchester County Court.

Action by George E. Craft against the Peekskill Lighting & Railroad Company for the killing of a cow. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

See, also, 106 N. Y. Supp. 232.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Eugene B. Travis, for appellant.
Nathan P. Bushnell, for respondent.

JENKS, J. We decided that the judgment for the plaintiff at the first trial could not stand because of failure to show "how the thing happened"; and we also noted the fact that the defendant's motorman testified that the plaintiff's cow appeared suddenly before him, 30 feet ahead, as about to cross the track of his car, and that the record showed that the motorman did all in his power to arrest the car before it struck the cow. 121 App. Div. 550, 106 N. Y. Supp. 232. But on further review of the second trial, and in consideration of the additional evidence, we think that the judgment of dismissal at the close of plaintiff's case was erroneous.

The trolley surface road of the defendant was along a highway which ran through the lands of the plaintiff. The time of the accident was 11 o'clock p. m., but the moon was full. The motorman saw four cows ahead of him, on the west side of the track, at a place where there was a steep bank and a wall. He first saw the cows on that bank, or in the gutter, 75 or 80 feet away. The space between the wall and the west rail was 8 or 10 feet wide. As the car went along, the cow, afterwards struck by the car, started to go onto the track. The motorman supposed that the animal was about to cross the track when his car was 40 or 50 feet distant from her. When he first saw the cows 75 feet away they were in a safe place, and he judged that his car could proceed without striking them. He took no precautions whatever when he thus saw them, but "kept moving right along." We think it was for the jury to say, in view of the proximity of the cows to the track, confined as they were by the physical conditions which we have described, whether the motorman exercised due care in running his car without taking any precautions to avoid any possible ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cident. It is well to note the fact that the additional evidence is not subject to the criticism that it was furnished by friendly witnesses to eke out or to obviate the shortcomings of the plaintiff's case on the first trial, but that it was obtained from the lips of the defendant's motorman.

The judgment should be reversed, and a new trial should be ordered, costs to abide the event.

Judgment and order of the County Court of Westchester County reversed on reargument, and new trial ordered; costs to abide the event. All concur.